IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------------x
                                    :
JOHN DOE                            :          3:12 CV 508 (JBA)
                                    :
V.                                  :
                                    :
DONALD D. SIMONDS,                  :
THE MISSIONARIES OF                 :
LA SALETTE CORPORATION,             :
and MICHAEL MOE Nos. 1-10,          :
                                    :          DATE: AUGUST 15, 2012
-------------------------------------------------------x
```

<u>RULING ON PLAINTIFF'S [SECOND] MOTION FOR LEAVE TO AMEND COMPLAINT AND
DEFENDANT LA SALETTE'S [RENEWED] MOTION TO STRIKE</u>

Plaintiff, John Doe, filed his Complaint in this action on April 4, 2012 (Dkt. #1), in which he alleges that while he attended St. Joseph's School in Fitchburg, Massachusetts in 1974-1975, he was sexually assaulted and battered by defendant Donald Simonds (Dkt. #1, ¶¶ 16, 18); defendant The Missionaries of La Salette Corporation ["defendant La Salette"] and defendants Michael Moe Nos. 1-10 failed to properly train defendant Simonds to perform his duties as a supervisor of young males (<u>id.</u> ¶ 28); and defendants La Salette and defendants Michael Moes Nos.1-10 knew, at various times during the past forty years, that acts of sexual abuse of minors were occurring, but conspired to keep this information from becoming public knowledge, which conspiracy made it possible for defendant Simonds to commit, and to continue to commit, sexual abuses, assaults and rapes upon plaintiff. (<u>Id.</u> ¶ 29).

On April 30, 2012, defendant La Salette filed a Motion for More Definite Statement (Dkt. #10) and Motion to Strike Immaterial and Impertinent Allegations from the Complaint. (Dkt. #11).  On May 30, 2012, defendant Simonds filed his Answer, denying plaintiff's

allegations.  (Dkt. #26).

On June 12, 2012, these motions were referred to this Magistrate Judge by United States District Judge Janet Bond Arterton.  (Dkt. #28).  Seven days later, plaintiff filed a Motion to Amend his Complaint (Dkt. #30), and on July 10, 2012, plaintiff filed his [Second] Motion to Amend his Complaint.  (Dkt. #34).  On July 13, 2012, in light of the filing of this [Second] Motion to Amend, this Magistrate Judge denied without prejudice as moot defendant La Salette's Motion for More Definite Statement, denied without prejudice as moot defendant La Salette's Motion to Strike, and denied without prejudice as moot plaintiff's [First] Motion to Amend. (Dkt. #35).  On July 19, 2012, defendant LaSalette filed its brief in opposition to plaintiff's [Second] Motion to Amend (Dkt. #36),[1] and its Renewed Motion to Strike (Dkt. #37).   On July 26, 2012, plaintiff filed his reply brief in regard to his [Second] Motion to Amend. (Dkt # 38).

For the reasons stated below, plaintiff's Motion for Leave to Amend Second Amended Complaint (Dkt. #34) is granted in part and denied in part, and defendant LaSalette's Renewed Motion to Strike (Dkt. #37) is granted in part and denied in part.

## I. DISCUSSION

In his proposed [Second] Amended Complaint, plaintiff wishes to substitute individually named defendants for defendant Michael Moe Nos. 1-10. (Dkt # 34).  Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading after a responsive pleading is served, "only by leave of court . . . ; and leave shall be freely given when justice so requires."  When ruling on a motion to amend, the Second Circuit considers the five factors enunciated by the U.S. Supreme Court in Foman v. Davis, 371 U.S. 178, 182 (1962):

---

[1]Attached is an affidavit from Rev. James H. Kuczynski, M.S., sworn to July 18, 2012 ["Rev. Kuczynski Aff't"].

(1) undue delay; (2) bad faith or dilatory motive on the part of movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment.  See Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998), citing Foman, 371 U.S. at 182.[2]  "The Court of Appeals has repeatedly noted that the trial court has broad discretion in ruling on a motion to amend."  Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 96 (S.D.N.Y. 2010)(multiple citations omitted); see Messier v. Southbury Training School, 3:94 CV 1706 (EBB) 1999 WL 20907, at *3 (D. Conn. Jan. 5, 1999)(the "propriety of granting a motion to amend remains within the sound discretion of the district court.")(citations omitted).

    In the pending motion, plaintiff seeks to amend his Complaint to substitute for the ten defendant Michael Moes the following ten individuals:  Michael Moe No. 1: Reverend Father Frederick R. Flaherty, M.S., Master of Novices between August 27, 1966 – January 30, 1969, and member of defendant La Salette's three member governing council between May 6, 1964 – October 7, 1970 and July 2, 1973 – June 13, 1979; Michael Moe No. 2: Reverend James Lowery, M.S., member of defendant La Salette's three-member governing council between October 1970 - July 1973; Michael Moe No. 3: Reverend John J. O'Neill, M.S.,

---

[2]The "Second Circuit has made it clear that delay, without more, cannot be the basis to deny an amendment and has routinely excused delays of more than two years."  Concerned Citizens of Belle Haven v. Belle Haven Club, 3:99 CV 1467 (AHN), 2002 WL 32124959, at *5 (D. Conn. Oct. 25, 2002)(citation omitted).  In this case, plaintiff filed its Second Motion to Amend Complaint less than one month after the filing of his first Amended Complaint, and before discovery is due on October 4, 2012. (Dkt. ##2, 30, 34).  Plaintiff's amendment seeks to assert new theories based on facts and theories that were not known to plaintiff until the course of discovery, and specifically, until April 30, 2012 (Dkt. #9), when defendant La Salette made its initial disclosures of its corporate records, including its governing council and the identity of the Master of Novices. (Dkt. #34, at 4).   Accordingly, there has been no undue delay or bad faith in the filing of this [Second] Motion to Amend.

member of defendant La Salette's three-member governing council between July 9, 1976 –
June 21, 1988; Michael Moe No. 4: Reverend James H. Kuczyniski, M.S., member of
defendant La Salette's three-member governing council between June 21, 1988 – October
29, 2003 and October 25, 2006 – present day; Michael Moe No. 5: Reverend Armand
Nadeau, M.S., priest with defendant Simonds at St. Joseph's Parish, Fitchburg, MA; Michael
Moe No. 6: Reverend Norman Farland, M.S., priest with defendant Simonds at St. Joseph's
Parish, Fitchburg, MA; Michael Moe No. 7: Reverend Louis Gould, M.S., priest with defendant
Simonds at St. Joseph's Parish, Fitchburg, MA; Michael Moe No. 8: Reverend Francis E.
Bouchard, M.S., priest with defendant Simonds at St. Joseph's Parish, Fitchburg, MA; Michael
Moe No. 9: Reverend Thomas G. Sickler, M.S., priest with defendant Simonds at St. Joseph's
Parish, Fitchburg, MA; and Michael Moe No. 10: Reverend Bernard T. Dillon, M.S., priest with
defendant Simonds at St. Joseph's Parish, Fitchburg, MA. (Dkt. # 34, at 1-2).

As an initial matter, defendant La Salette concedes that Reverend Father Frederick
R. Flaherty, M.S., who served as the president, chief executive officer, and the provincial
superior of the Missionaries of La Salette Corporation between July 2, 1973 and June 13,
1979, and was thus defendant Simonds' immediate supervisor during the 1974 and 1975
calendar years, may be joined as a defendant.  (Dkt. #36, at 2; Rev. Kuczynski Aff't ¶¶ 10-
11).  A second priest, Reverend Armand Nadeau, M.S., served as the pastor of St. Joseph's
Parish Church, and as the superior of the community of La Salette priests who then resided
in that parish church's rectory building, and in that position, Father Nadeau held supervisory
authority and responsibility for all La Salette priests who then lived in that rectory building
which included defendant Simonds.  (Dkt. #36, at 2; Rev. Kuczynski Aff't ¶¶ 10, 12). As a
result, while Father Nadeau would be a proper defendant, he died on October 3, 1996 and

4

thus cannot be joined as an individual defendant.  (Dkt. #36, at 2; Rev. Kuczynski Aff't ¶ 13).

Similarly, Reverend Bernard T. Dillion, M.S., died on February 26, 1995, and thus it is not

possible to join him as an individual defendant in this case.  (Dkt. #36, at 3; Rev. Kuczynski

¶ 17).[3]

      Defendant La Salette contends that of the remaining seven proposed defendants,

Father James Lowery, M.S.,  Father James J. O'Neill, M.S., and Father James H. Kuczynski,

M.S. did serve as members of the three-governing council of the Missionaries of La Salette

Corporation at various times before or after the 1974 and 1975 calendar years, but "none

of the priests ever served on that council or had any supervisory authority or responsibility

relating to Father Simonds during either the 1974 or the 1975 calendar years."  (Dkt. #36,

at 3; Rev. Kuczynski Aff't ¶ 14).  Additionally, "[a]lthough Father Norman Farland, M.S. and

Father Louis J. Gould, M.S. were each employed as priests on the staff" of the church at

various times before and/or after the 1974-1975 calendar years, "neither Father Farland nor

Father Gould ever served on the staff of that parish church during either the 1974 or the

1975 calendar years."  (Dkt. #36, at 3; Rev. Kuczynski Aff't ¶ 15).  Similarly, although Father

Francis Bouchard, M.S. and Father Thomas G. Sickler, M.S. were employed on the staff of

the church contemporaneously with Father Simonds during the 1974 and/or 1975 calendar

years, neither had supervisory authority or responsibility relating to Father Simonds.  (Dkt.

#36, at 3; Rev. Kuczynski Aff't ¶ 16).

      In response, plaintiff asserts that the claims against the defendants are supported by

---

[3]As stated above, the propriety of granting a motion to amend remains within the sound discretion of the district court; the futility of the amendment is a valid reason to deny leave to amend. Electronics Comm. Corp. v. Toshiba America Consumer Prods., Inc., 129 F.3d 240, 246 (2d Cir. 1997)(citation omitted).  As it is not possible to name as defendants deceased individuals, plaintiff's [Second] Motion to Amend to add Reverand Nadeau and Reverend Dillon is futile.

the fact that, "[i]f a supervisor became aware, at any time prior to 1974-1975, that defendant Simonds was engaged in any improper activities with children, . . . [or] at a time after [Simonds] abused the plaintiff . . . and [the supervisor] failed to, or intentionally decided not to, investigate, [the supervisor] might also be liable." (Dkt. #38, at 1).  Thus, according to plaintiff, he is entitled to conduct discovery in order to, "determine all the facts relating to the manner in which supervision is conducted."  (Id. at 2).

Plaintiff also represents that he would "only pursue suit against priests [who] supervised defendant Simonds during the time he sexually assaulted . . . [p]laintiff." (Dkt. #34, at 4 (emphasis added); Dkt. #38, at 2).  Thus, when the 1974-1975 supervisory-role criterion is applied to each of the proposed additional defendants, the addition of those defendants supervising plaintiffs before and/or after 1974-1975, but not during those operative years, would serve little use in fulfilling plaintiff's own articulated agenda.

Defendant La Salette asserts that although Father Bouchard and Father Sickler (as well as the now-deceased Father Dillon) were each employed on the staff of the Fitchburg parish church contemporaneously with defendant Simonds during the 1974-1975 calendar years, neither of these priests ever had any supervisory authority or responsibility relating to defendant Simonds. (Dkt. 36, at 3; Rev. Kuczynski Aff't ¶ 16).  However, as plaintiff appropriately notes, further discovery is necessary in order to determine whether Father Bouchard and Father Sickler had any supervisory responsibility, officially or unofficially, over defendant Simonds during this relevant time period. (Dkt. #38, at 2).[4] Plaintiff is entitled to

---

[4]Resulting prejudice to the nonmoving party is the most important factor in the court's analysis.  Concerned Citizens, 2002 WL 32124959, at *4 (citation omitted).  To determine "prejudice," this Court must consider whether the joinder of the individual defendants would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."  Block v. First Blood Assocs., 988 F.2d 344, 350 (2d

conduct discovery to determine all of the facts relating to the manner in which supervision was conducted within defendant La Salette and within St. Joseph's Parish.   As plaintiff appropriately notes, Father Bouchard and Father Sickler may have occupied a higher rank within St. Joseph's Parish, even though they did not hold a higher rank within the La Sallete Corporation, or may have had institutional requirements to report misconduct by fellow priests.   (Id.).   Thus, while the addition of those individual defendants who had no supervisory roles during the 1974-1975 years would prejudice defendants, the addition of the two priests who served with defendant Simonds is permissible at this stage as the extent of the supervisory responsibility is not information that is publically available and hence is not yet known to plaintiff.

## II. CONCLUSION

Accordingly, for the reasons stated above, plaintiff's [Second] Motion to Amend (Dkt. #34) is granted in part such that Reverend Frederick R. Flaherty, M.S. shall be substituted for defendant Michael Moe No. 1, Reverend Francis E. Bouchard, M.S. shall be substituted for Michael Moe No. 8, and Reverend Thomas G. Sickler, M.S. shall be substituted for Michael Moe No. 9; the motion is denied with respect to defendants Michael Moes Nos. 5 and 10 in that they are deceased, and is denied without prejudice to renew with respect to defendants Michael Moes Nos. 2, 3, 4, 6, and 7, if future discovery reveals that they should be named in this litigation;[5]

_____

Cir. 1993)(multiple citations omitted).

[5]At this juncture, discovery is limited to defendants Simonds, La Salette, Flaherty, Bouchard and Sickler.  To the extent that relevant discovery regarding defendants Michael Moes Nos. 2, 3, 4, 6 and 7 develops during the course of discovery with respect to the five above-mentioned defendants that calls the conclusions reached here into question, plaintiff may, at that time, renew his Motion to Amend.

and defendant's La Salette's Motion to Strike Immaterial and Impertinent Allegations (Dkt. #37) is <u>granted in part and denied in part to the extent consistent with this Ruling</u>.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; Fed. R. Civ. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen days after service of same)**; Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 15th day of August, 2012.


     /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge